JASMINE, J.,
dissents.
|il respectfully dissent from the majority’s opinion. While the purpose of LSA-9:2801 is to effect an equitable distribution of community assets and liabilities, and recognizing that the trial judge has vast discretion in carrying out this duty, I find that the trial court abused that discretion in awarding the former community home to Mrs. Barrow and his pension to Mr. Barrow. Given the vastly different character of the assets, I find that the partition is not equitable.
Given the difference in the character of the assets (the home and the pension) and the length of time before the pension matures and is payable, I find that the trial court should have partitioned the pension using the “fixed percentage” method as approved by the court in Blanchard v. Blanchard, 97-2305 La. 1/20/99, 731 So.2d 175.
I further find that the trial court abused its discretion when it appeared to consider only the burden upon Mrs. Barrow of finding cash to purchase Mr. Barrow’s portion of the community home, if it were partitioned, and not considering the burden to Mr. Barrow of receiving an asset, his pension, that has no present value, of which the contingencies have not yet been met, and is years away from maturing. I find that an equitable distribution of the community assets could be realized by dividing both pensions by the fixed percentage method, and partitioning the former community home. The remainder of the community assets could be equitably partitioned and/or awarded in such a way as to enable Mrs. Barrow to [.¡purchase Mr. Barrow’s portion of the community home. This way, both parties immediately share in the value of largest tangible asset of the community, the home, while both share the risks of the unmatured pensions.